IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
NEWNAN DIVISION

| | |
|---|---|
| PROGRESSIVE MOUNTAIN ) <br> INSURANCE COMPANY, ) <br> ) <br> Petitioner, ) <br> ) <br> v. ) <br> ) <br> N&J LOGISTICS, INC., LUIS GARCIA, ) <br> JAMES HICKS, ) <br> SWAGGIN WAGON, INC., and ) <br> PRIME HOLDINGS INSURANCE ) <br> SERVICES, INC., ) <br> ) <br> Respondents. ) <br> ) | Civil Action File No. <br> _____ |

## **PETITION FOR DECLARATORY JUDGMENT**

COMES NOW, Progressive Mountain Insurance Company ("Progressive"), and files this its Petition for Declaratory Judgment. Petitioner asks this Court to declare the rights and legal relations of the parties herein. In support thereof, Petitioner respectfully shows the Court as follows:

This is an action for declaratory judgment, pursuant to 28 U.S.C. § 2201, for the purpose of determining an actual controversy between Progressive and the Respondents in regard to the parties' respective rights and obligations under a policy

1

of insurance issued by Progressive in relation to the claims for bodily injury arising from a motor vehicle accident that took place in Kingfisher, Oklahoma.

## PARTIES

1.

Petitioner Progressive is incorporated in the State of Ohio with its principal place of business in Mayfield Village, Ohio. Progressive is authorized to conduct business in the State of Georgia.

2.

Respondent N&J Logistics, Inc. ("NJL") is a corporate resident and citizen of the State of Georgia, with its principal office in Fayetteville, Georgia. NJL may be served by delivering Summons and a copy of the Petition to its registered agent, Jacqueline Rodriguez, at 195 Canterbury Lane, Fayetteville, Georgia 30215. NJL is subject to the jurisdiction and venue of this Court.

3.

Respondent Luis Garcia ("Garcia") is a resident and citizen of the State of Oklahoma. He may be served by delivering Summons and a copy of the Petition to his last-known address, 320 N. 9th Street, Enid, Oklahoma 73701. Respondent Garcia is subject to the jurisdiction and venue of this Court.

4.

Respondent Swaggin Wagon, Inc. ("Swaggin Wagon") is a corporate resident and citizen of the State of Oklahoma, with its principal office in Tulsa, Oklahoma. Swaggin Wagon may be served by delivering Summons and a copy of the Petition to its registered agent, Brad Parson, at 12401 E. Admiral Place, Tulsa, Oklahoma 74114. Swaggin Wagon is subject to the jurisdiction and venue of this Court.

5.

Respondent James Hicks ("Hicks") is a resident and citizen of the State of Alabama. He may be served by delivering Summons and a copy of the Petition to his last-known address, 483 West Peachtree, Foley, Alabama 36535.

6.

Respondent Prime Holdings Insurance Services, Inc. ("Prime") is a corporate resident and citizen of the State of Illinois, with its principal office in Chicago, Illinois. Prime may be served by delivering Summons and a copy of the Petition to its registered agent, Rick J. Lindsey, at 1 S Dearborn Street, Suite 800, Chicago, Illinois 60603. Prime is subject to the jurisdiction and venue of this Court.

## JURISDICTION AND VENUE

7.

This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332. There is complete diversity of citizenship among Petitioner and all Respondents.

8.

On September 18, 2020, Respondent Hicks filed suit against Respondents Garcia and Swaggin Wagon in the District Court of Kingfisher County, Oklahoma, in an action styled *James Hicks v. Luis Garcia and Swaggin Wagon, Inc.*, Case No. CJ-2020-67 (the "underlying lawsuit"). (A true and accurate copy of Hicks' Complaint in the underlying lawsuit is attached hereto as Exhibit "A.")

9.

Based on the allegations contained in Hicks' Complaint in the underlying lawsuit, the amount in controversy exceeds this Court's jurisdictional limit of $75,000.00, inasmuch as Hicks alleges his total damages are "in excess of $75,000.00."

10.

This Court further has jurisdiction pursuant to 28 U.S.C. § 2201 because Progressive is seeking a declaration from this Court regarding the parties' rights and

obligations with respect to an automobile insurance coverage policy delivered to its insured, Respondent NJL.

11.

This Court is vested with the power to declare the rights and obligations of the parties hereto and to provide such other relief as may be necessary, pursuant to 28 U.S.C. § 2201.

12.

Venue is laid in this district pursuant to 28 U.S.C. § 1391 by virtue of the fact that Respondent NJL is a corporate resident of Fayette County, Georgia.

### PRELIMINARY ALLEGATIONS

### Subject Accident

13.

Upon information and belief, on or about February 2, 2019, Garcia was operating a Kenworth tractor-trailer on 248th Street in Kingfisher County, Oklahoma.

14.

At the same time, Hicks was operating a separate tractor-trailer on County Road 2740 in Kingfisher County, Oklahoma.

15.

According to the Official Oklahoma Traffic Collision Report, Garcia and Hicks were involved in a motor vehicle accident allegedly caused by Garcia, who failed to stop and yield at a stop sign, improperly entering the intersection and colliding with Hicks (the "subject accident").

16.

Hicks allegedly sustained bodily injury as a result of the subject accident.

17.

Following the subject accident, Garcia told Progressive he was driving in the course and scope of his employment with Swaggin Wagon at the time of the subject accident.

18.

Swaggin Wagon also confirmed to Progressive that Garcia was driving in the course and scope of his employment with Swaggin Wagon at the time of the subject accident.

## Subject Progressive Policy

19.

At the time of the subject accident, N&J Logistics Inc. ("NJL") was the named insured on Progressive Commercial Auto Policy No. 04072341-1, with effective dates of coverage from August 15, 2018 through August 15, 2019 ("Policy"). (A true and correct copy of Progressive Commercial Auto Policy No. 04072341-1 is attached hereto as Exhibit "B.")

20.

The Policy provided non-trucking bodily injury and property damage liability insurance in a combined single limit of $300,000.00, subject to all other terms and conditions of the Policy.

21.

The Policy states, in pertinent part:

**DUTIES IN THE EVENT OF AN ACCIDENT OR LOSS**

For coverage to apply under this policy, **you** or the person seeking coverage must promptly report each **accident** or **loss** even if **you** or the person seeking coverage is not at fault.

. . . .

**You** or the person seeking coverage must also obtain and provide **us** the names and addresses of all persons involved in the **accident** or **loss**, the names and addresses of all witnesses, and the license plate numbers of the vehicles involved.

. . . .

A person seeking coverage must:
1.      cooperate with **us** in any matter concerning a claim or lawsuit;
2.      provide any written proof of loss **we** may reasonably require;
3.      allow **us** to take signed and recorded statements, including sworn statements and examinations under oath, which **we** may conduct outside the presence of **you**, a **relative**, or any person claiming coverage, and answer all reasonable questions **we** may ask as often as **we** may reasonably require;
4.      promptly call **us** to notify **us** about any claim or lawsuit and send **us** any and all legal papers relating to any claim or lawsuit;

. . . .

## **GENERAL PROVISIONS**

. . . .

11.     **Fraud or Misrepresentation**

. . . .

**We** may deny coverage for an **accident** or **loss** if **you** or any other insured knowingly concealed or misrepresented any material fact or circumstance or engaged in fraudulent conduct in connection with the presentation or settlement of a claim.  **We** reserve all rights to indemnity against a person committing fraud or misrepresentation for all payments made and costs incurred.

. . . .

## **CONTINGENT LIABILITY ENDORSEMENT – LIMITED LIABILITY COVERAGE FOR NON-TRUCKING USE OF AN AUTOMOBILE**

Except as specifically modified in this endorsement, all provisions of the Commercial Auto Policy apply.

We agree with you that the insurance provided under your Commercial Auto Policy is modified as follows:

**PART I – LIABILITY TO OTHERS**

A.    Under the Additional Definitions Used In This Part Only section:

Subsection A.3. is deleted and replaced by the following:

3.    Any other person or organization, but only with respect to the legal liability of that person or organization for acts or omissions of any person otherwise covered under this Part I – Liability To Others.  However, insured does not included anyone engaged in the business of transporting property by auto for hire that is liable for your conduct.

B.    Under the Exclusions of Part I, the following exclusion is added:

15.    Trucking Use
Coverage under this Part I, including **our** duty to defend, does not apply to an **insured auto** or any attached **trailer** while operated, maintained, or used:

    a.    To carry property or while such property is being loaded or unloaded from the **insured auto** or an attached **trailer**; or
    b.    In any business for any business purpose.

. . . .

## Subject Claim and Underlying Lawsuit

22.

On September 18, 2020, Hicks filed suit against Garcia and Swaggin Wagon in the District Court of Kingfisher County, Oklahoma.  (Ex. A, *supra*.)

23.

On October 7, 2020, Hicks amended his complaint to add NJL as a party defendant. (A true and accurate copy of Hicks' amended complaint is attached hereto as Exhibit "C.")

24.

In the amended complaint, Hicks alleges that Garcia negligently and recklessly caused the subject accident and resulting injury to Hicks.

25.

Hicks alleges that Garcia was acting as an employee of NJL at the time of the subject accident and thus that NJL is vicariously liable for the acts of Garcia.

26.

Hicks further alleges that NJL negligently entrusted the subject vehicle to Garcia and negligently failed to supervise and/or train Garcia.

27.

On April 7, 2021, counsel for Petitioner sent a reservation of rights letter to NJL, specifically reserving all rights under the Policy. (A true and accurate copy of the reservation of rights letter is attached hereto as Exhibit "D.")

## DECLARATORY JUDGMENT

## Count I – Business Purpose Exclusion

28.

Progressive incorporates the allegations contained in Paragraphs 1 through 27 as though set forth fully herein.

29.

Pursuant to the Progressive Policy's Contingent Liability Endorsement, coverage is expressly excluded for "an insured auto or any attached trailer while operated, maintained, or used: (a) To carry property or while such property is being loaded or unloaded from the insured auto or an attached trailer; or (b) In any business for any business purpose."

30.

At the time of the subject accident, the subject truck was being used for a business purpose.

31.

Accordingly, the "business purpose" exclusion contained in the Contingent Liability Endorsement precludes coverage for third-party liability arising from the subject accident.

32.

Progressive thus does not appear to have any coverage obligation with respect to any claim for bodily injury or third-party property damage brought by any of the Respondents herein.

## Count II – Other Coverage Available

33.

Progressive incorporates the allegations contained in Paragraphs 1 through 34 as though set forth fully herein.

34.

Hicks has alleged that, at the time of the subject accident, Garcia was driving in the course and scope of his employment with Swaggin Wagon.

35.

Upon information and belief, Swaggin Wagon is an interstate motor carrier subject to the requirements of the Motor Carrier Act.

36.

As such, Swaggin Wagon is required by law to obtain liability insurance coverage with a limit of at least $750,000.00.

37.

Upon information and belief, at the time of the subject accident Swaggin Wagon maintained a policy of commercial auto liability insurance with Prime Insurance.

38.

Accordingly, the Progressive Policy's "business purpose" exclusion does not violate public policy and is fully enforceable.

## Count III – Late Notice

39.

Progressive incorporates the allegations contained in Paragraphs 1 through 38 as though set forth fully herein.

40.

The Policy states: "A person seeking coverage must [] promptly call us to notify us about any claim or lawsuit and send us any and all legal papers relating to any claim or lawsuit."

41.

Hicks filed the underlying lawsuit on September 18, 2020.

42.

Progressive did not become aware of the underlying lawsuit until December 11, 2020, when it was served with a subpoena duces tecum seeking insurance records.

43.

Neither Garcia, nor Swaggin Wagon, nor NJL reported the underlying lawsuit to Progressive prior to December 11, 2020.

44.

No Respondent complied with the Policy's prompt notice requirement, a condition precedent to coverage.

45.

Progressive has been prejudiced by the late notice.

46.

Progressive thus does not appear to have any coverage obligation with respect to any claim arising from the subject accident or underlying lawsuit.

## Count IV – Fraud or Misrepresentation

47.

Progressive incorporates the allegations contained in Paragraphs 1 through 46 as though set forth fully herein.

48.

The Policy states: "We may deny coverage for an accident or loss if you or any other insured knowingly concealed or misrepresented any material fact or circumstance or engaged in fraudulent conduct in connection with the presentation or settlement of a claim. We reserve all rights to indemnity against a person committing fraud or misrepresentation for all payments made and costs incurred."

49.

Upon information and belief, Garcia and Swaggin Wagon entered pleadings in the underlying lawsuit featuring assertions contradictory to their representations to Progressive regarding Garcia's employment at the time of the subject accident.

50.

Specifically, upon information and belief, in the underlying lawsuit Garcia and Swaggin Wagon have denied that Garcia was acting in the course and scope of his employment with Swaggin Wagon at the time of the accident.

51.

Garcia and Swaggin Wagon each represented to Progressive, prior to the underlying lawsuit being filed, that Garcia was acting in the course and scope of his employment with Swaggin Wagon at the time of the accident.

52.

Thus, Garcia and Swaggin Wagon have each made at least one material misrepresentation, either in their communications with Progressive or in their pleadings in the underlying lawsuit.

53.

Because of these material misrepresentations, Progressive does not appear to have any coverage obligation with respect to any claim arising from the subject accident or underlying lawsuit.

54.

Progressive is in a position of uncertainty as to its rights, obligations, and duties in regard to the extent of any applicable coverage under the Progressive Policy pursuant to the terms at issue and cited herein.

55.

Progressive has no adequate remedy at law or otherwise, except by this Petition for Declaratory Judgment.

WHEREFORE, Petitioner prays:

(a) that process and summons issue to each of the Respondents herein and that they be served with process and a copy of this Petition for Declaratory Judgment as required by law;

(b)　　that this Court declare the rights and legal obligations of Petitioner and Respondents under the subject Policy;

(c)　　and for such other and further relief as this Court deems appropriate.

Respectfully submitted, this 25th day of May, 2021.

LUEDER LARKIN & HUNTER LLC

/s/ *Samuel H. Sabulis*
ERICA L. PARSONS
State Bar No.: 100152
SAMUEL H. SABULIS
State Bar No.: 339532
*Attorneys for Progressive Mountain Insurance Company*

3535 Piedmont Road, N.E.
Building 14, Suite 205
Atlanta, Georgia 30305
T.: (404) 480-3911
F.: (404) 480-3927
eparsons@luederlaw.com
ssabulis@luederlaw.com