# EXHIBIT "A"

IN THE DISTRICT COURT OF KINGFISHER COUNTY
STATE OF OKLAHOMA

Kingfisher County Oklahoma
**F I L E D**
SEP 1 8 2020
LISA MARKUS, COURT CLERK
BY: _____ DEPUTY

| | |
|---|---|
| JAMES HICKS, individually, ) | |
| ) | |
| Plaintiff, ) | Case No. CJ-2020- 67 |
| ) | |
| vs. ) | |
| ) | |
| LUIS GARCIA, individually and ) | ATTORNEY LIEN CLAIMED |
| SWAGGIN WAGON, INC., ) | |
| a Domestic Corporation ) | |
| ) | |
| Defendants. ) | |

## PETITION

Plaintiff, James Hicks, comes by and through his attorney of record, Jacob W. Biby of Biby Law Office, PLLC, states his causes of action against the Defendants, Luis Garcia and Swaggin Wagon, Inc., as follows:

### FACTS GIVING RISE TO LAWSUIT

1. On or about February 02, 2019, in Kingfisher County, State of Oklahoma, Plaintiff, James Hicks (Hereinafter Plaintiff Hicks), was operating a semi-truck northbound on County Road 2740 in Kingfisher, County, Oklahoma.

2. At the same time, Defendant Luis Garcia (Hereinafter Defendant Garcia), was traveling westbound on 248th Street in a semi-truck that was owned by Defendant Swaggin Wagon, Inc. (Hereinafter Defendant Swaggin).

3. North and southbound traffic had the right of way at the intersection of County Road 2740 and 248th Street (Plaintiff Hicks direction of traffic was north). East and westbound traffic were controlled by stop signs (Defendant Garcia's direction of traffic was west).

1

4. As Defendant Garcia approached the intersection of 248th Street and County Road 2740, a vehicle was properly stopped and yielding to Plaintiff's semi-truck that was approaching on County Road 2740.

5. Rather than stop behind the properly stopped vehicle, Defendant Garcia recklessly passed the stopped vehicle on the left and completely disregarded the stop sign controlling his direction of travel.

6. Defendant Garcia, acting in reckless disregard for the safety of Plaintiff and the traveling public, drove the semi-truck directly into the path of Plaintiff's semi-truck at highway speeds.

7. A collision ensued between the front of the semi being driven by Plaintiff and the driver's side of the semi-truck being driven by Defendant Garcia.

8. Plaintiff's semi-truck came to rest northwest of the intersection of Country Road 2740 and 248th Street and burst into flames.

9. Plaintiff was catastrophically injured in the collision and was removed from the flames by a bystander.

10. Following the collision, Plaintiff was transported by ambulance to OU Medical Center where he had a prolonged stay in the Intensive Care Unit.

## CAUSES OF ACTION & DAMAGES

11. Plaintiff reincorporates paragraphs 1-15 above and for further cause states,

12. Defendant Garcia was negligent per se in violating O.S. §47-11-703(d) and §47-11-403(b) and numerous Federal Motor Carrier Regulations governing drivers operating semi-trucks.

13. The incident described above and the resulting injuries and damages were caused by the gross negligence of Defendant Garcia as he acted in reckless disregard for the safety of Plaintiff and the public at large by intentionally ignoring a stop sign while driving a semi-truck and trailer at highway speeds. Defendant is liable for punitive damages in an amount in excess of $75,000.00

14. At the time of the incident, Defendant Garcia was acting as an employee and/or agent and acting within the course and scope of his employment/agency with Defendant Swaggin.

15. Under the doctrine of *Respondeat Superior*, Defendant Swaggin is liable for the acts, omissions and all damages caused by their employee/agent, Defendant Garcia, including punitive damages.

16. As a direct result of the actions/inactions of Defendant Garcia, Plaintiff sustained severe and permanent injuries, incurred medical bills, lost past and future wages, had his earning capacity impaired, will require future medical treatment, has and will continue to incur pain and suffering due to his injuries along with any and all other damages proven to be allowed under the law with total damages in excess of $75,000.00.

17. Defendant Swaggin is an Oklahoma corporation that conducts interstate trucking operations throughout this part of America.

18. At all times material herein, Defendant Swaggin was aware that if semi-trucks and their drivers do not operate semi-trucks within the norms set forth by industry practice and state and federal law, then their company and drivers are putting the traveling public at unnecessary risk of significant injury or death.

19. Despite this knowledge, in the years prior to the collision, Defendant Swaggin and/or their drivers were cited for well over 150 safety violations on the public roadways.

20. Despite this knowledge, in the years prior the collision, Defendant Swaggin and/or their drivers caused numerous collisions with innocent drivers.

21. Included in the violations were numerous citations involving Defendant Swaggin's drivers speeding in their semi-trucks at speeds well over 10 miles an hour above the posted speed limits.

22. Defendant Swaggin and its drivers had an abnormally high number of traffic violations for the same or similar sized trucking companies in the industry.

23. Defendant Swaggin had a duty to implement strict oversight programs to include training, policies and procedures and daily monitoring to prevent unnecessary risk of serious injury or death to the traveling public.

24. Defendant Swaggin failed to implement an oversight program and instead allowed a culture of disobeying rules and laws governing truck drivers in America.

25. As a result, at the time of the collision, Defendant Swaggin had a "Conditional" safety rating by the Federal Motor Carrier Administration.

26. The Federal Motor Carrier Administration found that Defendant Swaggin did not have adequate safety measures in place to ensure compliance with the Safety Fitness Standards as set forth in Section 385.5 of the Federal Motor Carrier Safety Administration Regulations.

27. The months and years prior to the collision, Defendant Garcia had numerous traffic violations related to unsafe driving of a semi-truck.

28. Even a minimal investigation into Defendant Garcia's background would have revealed the violations to Defendant Swaggin.

29. Defendant Swaggin either knew or should have known through reasonable investigation that Defendant Garcia's background raised significant questions about his fitness to drive the truck involved in the collision.

30. Despite this, Defendant Swaggin negligently entrusted the semi-truck and/or load to Garcia.

31. As a direct and proximate result of the negligent entrustment, supervision and training and hiring of its drivers, including Defendant Garcia, Defendant Swaggin proximately caused Plaintiff Hicks to sustain severe and permanent bodily injuries, medical treatment, pain and suffering, and loss of wages, which will require future medical care and all other damages allowed under the law pending discovery with total damages in excess of $75,000.00.

32. Under the circumstances, Defendant Swaggin's complete disregard of its duty to implement and oversee the safe operation of its trucks and loads on the roads of Oklahoma, Defendant Swaggin is responsible for punitive damages in excess of $75,000.00 to punish Defendant Swaggin and also to deter the same or similar conduct by Defendant Swaggin or other trucking companies in the future.

WHEREFORE, premises considered, Plaintiff seeks judgment against each Defendant in an amount in excess of $75,000.00 and all court costs, pre-judgment interest, post-judgment interest, attorney's fees and all other damages and remedies deemed equitable and just.

Respectfully submitted,

*[signature]*

Jacob W. Biby, OBA# 22063
BIBY LAW OFFICE, PLLC
1800 S. Baltimore Avenue, Suite 800
Tulsa, Oklahoma 74119
918-574-8458 Phone
918-583-6602 Facsimile
jacob@bibylaw.com

-and-

*[signature]*

Christina F. Cupp, OBA #22318
Ironside Law Firm, PLLC
2524 N. Broadway, Ste 314
Edmond, OK 73034
405-241-2828 Phone
405-513-8078
***Attorneys for Plaintiff***